IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CASSANDRA NEAL, | ) |
| | ) |
| Plaintiff | ) Cause No.: 2:23-cv-206 |
| vs. | ) |
| | ) |
| COMMUNITY FOUNDATION OF | ) |
| NORTHWEST INDIANA, INC., | ) |
| | ) |
| Defendant | ) |

COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, by counsel, and as her Complaint for Damages against Defendant, alleges and states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Cassandra Neal is currently a resident of Lake County in the State of Indiana and a former employee of Defendant.

2. Defendant, Community Foundation of Northwest Indiana, Inc., (hereinafter referred to as "Defendant" or "Community") is an employer as defined by 42 U.S.C. § 2000e(b) and 29 U.S.C. §621 that conducts business in the State of Indiana.

3. Ms. Neal filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about August 24, 2022 (Charge No. 470-2022-04308) alleging, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*.

4. The Equal Employment Opportunity Commission and/or the Department of Justice issued to Ms. Neal a Right to Sue letter on March 28, 2023.

5. Ms. Neal invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a fifty-five (55) year old black female, began her employment with Community Health Systems in 1991 and was transferred to Community Foundation of Northwest Indiana, Inc., in March 2016, most recently as an operations analyst, or Epic Application Analyst.

8. In September 2020, Ms. Neal was forced to assume the duties of principal trainer but received no pay increase or training despite multiple requests for both.

9. Plaintiff was the only black principal trainer reporting to the director of her department.

10. Despite the fact that Plaintiff was assigned the most difficult projects, Defendant refused to provide training, including TED training that Plaintiff requested, and paid Plaintiff considerably less than her younger, non-black colleagues.

11. In June 2022, Plaintiff learned that Defendant was offering more money to newly hired candidates who were non-black and younger than Plaintiff.

12. Defendant's refusal to offer Plaintiff training opportunities adversely impacted Plaintiff's earning potential.

13. Plaintiff was constructively discharged on or about June 6, 2022, due to Defendant's refusal to provide training for the additional role of Principal Traniner and pay her wages that were equivalent to those being paid to non-black and younger employees.

Count I
Title VII – Race

14. Plaintiff incorporates by reference Paragraphs one through thirteen (13) above.

15. Defendant discriminated against Ms. Neal the basis of her race when it refused to provide training and pay Plaintiff wages comparable to similarly situated white employees.

16. Ms. Neal's race was the motivating factor in the decision to deny Plaintiff training and pay her the wages paid similarly situated white employees.

17. Defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

18. As a result of the foregoing, Ms. Neal has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

19. As a result of Defendant's actions, Ms. Neal has incurred attorney fees and costs.

20. Defendant's actions were done with malice or willful reckless disregard to Ms. Neal's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Count II
Title VII – Color

21. Plaintiff incorporates by reference Paragraphs one through twenty (20) above.

22. Defendant discriminated against Ms. Neal the basis of her color when it refused to provide training and pay Plaintiff wages comparable to similarly situated white employees.

23. Ms. Neal's color was the motivating factor in the decision to deny Plaintiff training and pay her the wages paid similarly situated white employees.

24. Defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

25. As a result of the foregoing, Ms. Neal has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

26. As a result of Defendant's actions, Ms. Neal has incurred attorney fees and costs.

27. Defendant's actions were done with malice or willful reckless disregard to Ms. Neal's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count III
## Age

28. Plaintiff incorporates by reference Paragraphs one through twenty-seven (27) above.

29. Defendant discriminated against Ms. Neal on the basis of her age when it refused to provide her training and paid her less than similarly situated younger employees.

30. By paying Plaintiff less than younger employees who perform similar work Defendant was in violation of the Age Discrimination in Employment Act 29 U.S.C. § 621 *et seq*.

31. As a result of the foregoing, Ms. Neal has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

32. As a result of Defendant's actions, Ms. Neal has incurred attorney fees and costs.

33. Defendant's actions were done with malice or willful reckless disregard to Ms. Neal's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, liquidated damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count I
## §1981 – Race

34. Plaintiff incorporates by reference Paragraphs one through thirty-three (33) above.

35. Defendant discriminated against Ms. Neal the basis of her race when it refused to provide training and pay Plaintiff wages comparable to similarly situated white employees.

36. Ms. Neal's race was the reason for Defendant's decision to deny Plaintiff training and pay her the wages paid similarly situated white employees.

37. Defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, *et seq*.

38. As a result of the foregoing, Ms. Neal has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

39. As a result of Defendant's actions, Ms. Neal has incurred attorney fees and costs.

40. Defendant's actions were done with malice or willful reckless disregard to Ms. Neal's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS
1634 W. Smith Valley Road - Suite B
Greenwood, IN  46143
(317) 885-0041;
(317) 885-0506 Fax

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served with the Clerk of the Court upon all counsel of record by filing with the Court's CM/ECF system on June 22, 2023.

/s/ Paul J. Cummings
Paul J. Cummings